# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JUDI STERLING, individually and on behalf of all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> BRIDGEWATER & ASSOCIATES, INC., BRIDGEWATER TITLE, LLC, DONNA L. JOHNSON, and LISA M. SCHULTZ, <br><br> Defendants. | CIVIL ACTION <br> FILE NO. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff JUDI STERLING ("Plaintiff") presents the following claims, on behalf of herself and all similarly situated persons, against Defendants BRIDGEWATER & ASSOCIATES, INC., BRIDGEWATER TITLE, LLC, DONNA L. JOHNSON, AND LISA M. SCHULTZ (all Defendants are collectively referred to as "Defendants" or "BridgeWater").

## JURISDICTION AND VENUE

1.

This is an action for unpaid overtime under the Fair Labor Standards Act of

1938 (the "FLSA"), 29 U.S.C. § 201 *et seq.* Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint for unpaid overtime wages pursuant to the FLSA.

2.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of Georgia and within the Northern District of Georgia.

3.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

**PARTIES**

4.

Plaintiff Judi Sterling is a former employee of BridgeWater, and at all times relevant was, classified by BridgeWater as non-exempt, hourly, and in a support staff role.

5.

Plaintiff is an employee as defined by 29 U.S.C. § 203(e).

6.

Plaintiff's consent form to join this action is attached as Exhibit A.

7.

In addition, to date, four additional current or former employees of Bridgewater have consented to bring overtime claims against BridgeWater by filing their consent forms with this Court. (*See* Ex. B.) As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

8.

All opt-in parties are or have been classified as non-exempt, hourly employees in support staff roles. (*See* Ex. B.)

9.

BridgeWater & Associates, Inc. is a domestic corporation that provides appraisal and title abstraction services to its clients in Georgia.

10.

BridgeWater & Associates, Inc.'s corporate headquarters is located at 4979 Old Highway 5, Canton, Georgia 30115.

11.

BridgeWater & Associates, Inc. is an employer as defined by 29 U.S.C. § 203(d).

12.

BridgeWater & Associates, Inc. may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, Donna L. Johnson, 105 West Main Street, Canton, Georgia 30114.

13.

BridgeWater Title, LLC, is a domestic corporation that provides appraisal and title abstraction services to its clients in Georgia.

14.

BridgeWater Title, LLC's corporate headquarters is located at 4979 Old Highway 5, Canton, Georgia 30115.

15.

BridgeWater Title, LLC is an employer as defined by 29 U.S.C. § 203(d).

16.

BridgeWater Title, LLC may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, Lisa M. Schultz, 4979 Old Highway 5, Canton, Georgia 30115.

17.

Donna L. Johnson is President and Chief Executive Officer of BridgeWater & Associates and is a member and manager of BridgeWater Title, LLC.

18.

Donna L. Johnson is an employer as defined by 29 U.S.C. § 203(d).

19.

Donna L. Johnson may be served with summons and a copy of the Complaint in this action by delivering process to her at her place of business, 4979 Old Highway 5, Canton, Georgia 30115.

20.

Lisa M. Schultz is Chief Financial Officer and Secretary of BridgeWater & Associates and is a member and manager of BridgeWater Title.

21.

Lisa M. Schultz is an employer as defined by 29 U.S.C. § 203(d).

22.

Lisa M. Schultz may be served with summons and a copy of the Complaint in this action by delivering process to her at her place of business, 4979 Old Highway 5, Canton, Georgia 30115.

## COLLECTIVE ACTION ALLEGATIONS

23.

Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

24.

Plaintiff, opt-ins, and those similarly situated are individuals who were, or are, employed by Defendants as non-exempt, hourly employees in support staff roles or in similar positions in which their primary duty was providing support services to BridgeWater at any time within three years prior to filing this Complaint in Georgia, and were not paid straight time or overtime for some or all of their work activities.

25.

Plaintiff, opt-ins, and the similarly situated individuals are similar because they were all non-exempt, hourly employees whose duties consisted primarily or exclusively of providing support and processing for BridgeWater while working in its Canton, Georgia headquarters.  They are also similar because Defendants did not pay them for some or all of the time worked that occurred before, during, and after their scheduled shifts.

26.

Plaintiff, opt-ins, and the similarly situated individuals are also similar because they routinely worked in excess of eight (8) hours per day and forty (40) hours per week performing support duties for BridgeWater.

27.

Plaintiff, opt-ins, and the similarly situated individuals are also similar because Defendants routinely failed to pay them straight time or overtime compensation for any hours worked in excess of eight (8) hours per day and forty (40) hours per week in violation of the FLSA, even though Defendants knew that they were working in excess of eight (8) hours per day and forty (40) hours per week.

28.

Defendants knowingly required Plaintiff, opt-ins, and the similarly situated individuals to work in excess of eight (8) hours per day and forty (40) hours per week without compensating them or paying them overtime compensation.

29.

Defendants' policy required Plaintiff, opt-ins, and the similarly situated individuals to sign forms stating that they did not work more than eight (8) hours per day.  If they refused to sign the certification forms, management told Plaintiff, opt-ins, and the similarly situated individuals they would not be paid or would be terminated.

30.

Defendants were aware that Plaintiff, opt-ins, and the similarly situated individuals were working time for which they were not compensated. For example, Defendants provided Plaintiff, opt-ins, and the similarly situated individuals assignments that could not be completed within an eight (8) hour day and threatened to terminate Plaintiff and opt-ins if they did not complete their work, forcing them to stay longer than eight (8) hours without compensation.

31.

Defendants were also aware that Plaintiff, opt-ins, and the similarly situated individuals were working time for which they were not compensated because Plaintiffs requested approval for the overtime hours they worked, but they were denied approval and told not to ask for it.

32.

Defendants' actions were knowing and willful.

33.

Upon information and belief, the amount of uncompensated time Plaintiff, opt-ins, and the similarly situated individuals spent on their required and unpaid work activities averages between two (2) hours and ten (10) hours per week, per person. This time regularly resulted in overtime hours being worked by Plaintiff,

opt-ins, and the similarly situated individuals, straight time and overtime that was not reflected in payroll or time records of Defendants.

34.

Defendants required Plaintiff, opt-ins, and the similarly situated individuals to certify that they did not work more than eight (8) hours per day. As a result, their overtime was not reflected in Defendants' payroll or time records.

## COUNT I
### Willful Failure and Refusal to Pay Overtime in Violation of the FLSA
**(Against BridgeWater & Associates, Inc., BridgeWater Title, LLC, Donna L. Johnson, and Lisa M. Schultz)**

35.

Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

36.

During the statutory period, Plaintiff, opt-ins, and the similarly situated individuals were employed by Defendants as non-exempt, hourly employees in support staff roles that primarily involved providing support services at BridgeWater's Canton, Georgia headquarters.

37.

The FLSA requires employers to pay for all hours worked.  The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

38.

Defendants' actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff, opt-ins, and the similarly situated individuals for time spent on work activities as described in the Complaint.

39.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff, opt-ins, and the similarly situated individuals have suffered and continue to suffer a loss of income and other damages.  Plaintiff, opt-ins, and similarly situated individuals are entitled to liquidated damages and also to attorneys' fees and costs incurred in connection with this claim.

40.

Defendants knew, or showed reckless disregard for the fact that it failed to pay these individuals for overtime hours worked.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, opt-ins, and all employees similarly situated who opt in to this action ("Opt-Ins") demand a **TRIAL BY JURY** and the following relief:

a. Issuance of notice as soon as possible to all employees who were employed by Defendants during any portion of the three years immediately preceding the filing of this Complaint performing non-exempt, hourly support services. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked in excess of forty hours per week and were not paid overtime compensation;

b. Judgment against Defendants for an amount equal to Plaintiff and the opt-ins' unpaid back wages at the applicable overtime rates for a period of three years;

c. Liquidated damages in an additional amount equal to unpaid overtime wages, calculated at the applicable hourly pay rate;

d. Leave to add additional plaintiffs or opt-ins by motion, the filing of written consent forms, or any other method approved by the Court;

e.  Attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

f.  Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 26th day of March, 2012.

BUCKLEY & KLEIN, LLP

s/ Cheryl B. Legare
Georgia Bar No. 038553
cblegare@buckleyklein.com
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleyklein.com

Promenade II, Suite 900
1230 Peachtree Street NE
Atlanta, Georgia  30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

Attorneys for Plaintiffs