**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JUDI STERLING, individually and on behalf of all similarly situated persons,** | |
| **Plaintiff,** | |
| **v.** | **1:12-cv-1024-WSD** |
| **BRIDGEWATER & ASSOCIATES, INC., BRIDGEWATER TITLE, LLC, DONNA L. JOHNSON and LISA M. SCHULTZ,** | |
| **Defendants.** | |

**OPINION AND ORDER**

This matter is before the Court on Defendants BridgeWater & Associates, Inc., BridgeWater Title, LLC, Donna L. Johnson and Lisa M. Schultz's (collectively "BridgeWater" or "Defendants") "Motion in Limine: Decertification of Collective Action" (the "Motion") [87].

**I.     BACKGROUND**

This is a collective action brought by Judi Sterling ("Sterling" or "Representative Plaintiff") against Defendants for failing to pay overtime compensation for hours worked in excess of forty (40) hours per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  Sterling asserts

that Defendants had a policy and practice of refusing to pay their hourly employees, including Sterling, for time worked in excess of forty hours per week.

On January 22, 2013, the Court conditionally certified a class of current and former non-exempt, hourly employees employed by BridgeWater in support staff roles or similar support positions ("Support Staff") since March 26, 2009.  (Order of Jan. 22, 2013 [34]).  The Court found that the declarations submitted by Sterling and five Opt-in Plaintiffs supported that Sterling is similarly situated to members of the proposed class, including because they worked for BridgeWater as hourly employees in support staff positions; they performed administrative duties such as data entry, receiving and sending orders to and from clients, invoicing and answering the telephone; and they were not exempt employees.  (Id. at 2, 9-10).  The Court concluded that the evidence was sufficient, at the conditional certification stage, to support that Sterling, the Opt-in Plaintiffs and other Support Staff were subject to a common plan or practice because they routinely worked "off-the-clock" hours, and Defendants knew they did, required them to falsify their time sheets, and pressured Support Staff to work in excess of forty hours per week to complete their assignments.  (Id. at 10-11).

On January 12, 2015, Defendants moved to decertify this collective action. Defendants argue that Sterling is not similarly situated to the Opt-in Plaintiffs she

seeks to represent because Sterling was in a supervisory or managerial position and thus exempt from the overtime provisions of the FLSA.[1]

## II.    DISCUSSION

Under 29 U.S.C. § 216(b), an employee may maintain a collective action on behalf of herself and other "similarly situated" employees.  The Eleventh Circuit encourages district courts to perform a two-step process to certify a collective action under Section 216(b).  Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001).  In the initial, so-called "notice stage," the question is whether notice of the action should be given to potential class members.  Id. at 1218 (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213 (5th Cir. 1995)).  The second stage in a certifying a collective action is optional and usually occurs if the defendant moves for "decertification" after the completion of all or most discovery in the case.  Id. (quoting Mooney, 54 F.3d at 1213-14).  The factors a court should consider at the decertification stage include: "(1) disparate factual and employment settings of the individual plaintiffs; (2) various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations."  Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233,

---

[1]  29 U.S.C. § 213(a)(1) exempts from the overtime provisions of the FLSA "any employee employed in a bona fide executive, administrative, or professional capacity . . . ."  Defendants' reference to 29 U.S.C. § 201(a)(1) appears to be typographical error.

1261 (11th Cir. 2008) (quoting Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007)) (alterations omitted).  If the court finds that the representative plaintiff and the opt-in plaintiffs are "similarly situated," the collective action proceeds on the merits.  See Anderson, 488 F.3d at 953.  If not, the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiffs proceed on their individual claims.  Hipp, 252 F.3d at 1216 (quoting Mooney, 54 F.3d at 1213–14).

Here, Defendants argue that Sterling is not similarly situated to the Opt-in Plaintiffs and "decertification is proper because [ ] Sterling was an operations manager who was admittedly an exempt employee.  The other plaintiffs [sic] are hourly staff employees."  (Mot. at 5).  Defendants rely on a December 29, 2008, email from Sterling entitled "Job Description" which states, in her email signature, that Sterling's job title is "Operations Manager."  (Defs' Ex. A [87 at 8]).  The single-page email describes some of Sterling's job duties, which include starting computers and equipment, setting up and updating a "Master Log," and checking for new orders, printing them, entering them into a database, and giving them to another person to assign.  (Id.).

That Sterling's job title on December 28, 2008—four (4) months before the earliest employment date of the class members Sterling seeks to represent—was

"Operations Manager" is not sufficient to support that Sterling was "employed in a bona fide executive" capacity and thus exempt from the overtime provisions of the FLSA.  See 29 U.S.C. § 213(a)(1).  "The term 'employee employed in a bona fide executive capacity' [under the FLSA] shall mean any employee" who, among other things, "customarily and regularly directs the work of two or more other employees" and "[w]hose primary duty is management."  29 C.F.R. § 541.100(a); see also Morgan, 551 F.3d at 1265-66.  The email shows that Sterling performed administrative tasks such as data entry and printing orders, which she "[ga]ve to Janis to assign."  (Defs' Ex. A [87 at 8]).  It does not support that Sterling "customarily and regularly direct[ed] the work of two or more other employees" or that her "primary duty [was] management."  See 29 C.F.R. § 541.102 ("management" includes, but is not limited to, directing the work of employees; planning the work; apportioning the work among the employees).  At this stage, Defendants have not provided any evidence to support that Sterling, during the period of her employment at issue in this litigation, was "employed in a bona fide executive" capacity and thus exempt from the overtime provisions of the FLSA.  See 29 U.S.C. § 213(a)(1); 29 C.F.R. §§ 541.100, 541.102.

Sterling stated in her Declaration that she worked as an hourly employee "in various administrative positions," that she did not have the power to hire, fire,

promote or discipline any employee, or recommend such action, and that she did not choose or participate in choosing her daily duties.  (Sterling Decl. [30.4] ¶¶ 12-13, 16-20).  This supports that Plaintiff is similarly situated to the hourly, non-exempt Support Staff she seeks to represent.  Defendants fail to show that Sterling and the Opt-in Plaintiffs are not similarly situated.  Cf. Anderson, 488 F.3d at 953 (While the court "need not specify how plaintiffs' burden of demonstrating that a collective action is differs at the second stage," [i]t is sufficient to conclude . . . that at the second stage plaintiffs *may* . . . not succeed in maintaining a collective action . . . based solely on allegations and affidavits, depending upon the evidence presented by the party seeking decertification.").  Defendants' Motion is denied.[2, 3]

---

[2]  To the extent Defendants also argue that "Sterling and all [O]pt-in Plaintiffs' claims fail because Plaintiffs have, at all, times, been paid in compliance with the FLSA," and "[t]here is no documentation . . . showing the amount of alleged overtime worked," these issues are more appropriately addressed at trial. Defendants also fail to support their conclusory assertions that Plaintiffs are not entitled to liquidated damages because Defendants acted in good faith and that damages, if any, "would be limited to half-time for any hours worked in excess of forty (40) hours per week."

[3]  The Court declines to award sanctions as Plaintiffs requested in their Response.

**III.    CONCLUSION**

Accordingly, and for the foregoing reasons,

   **IT IS HEREBY ORDERED** that Defendants' "Motion in Limine:

Decertification of Collective Action" [87] is **DENIED.**


   **SO ORDERED** this 9th day of February, 2015.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

7